CANADIAN NAT. S. S. CO., Limited, v.
UNITED STATES.

Customs Appeal No. 4345.

Court of Customs and Patent Appeals.
Nov. 3, 1941.

Daniel P. McDonald, of New York City, for appellant.

Paul P. Rao, Asst. Atty. Gen. (Charles D. Lawrence, Sp. Asst. to Atty. Gen., and Richard E. FitzGibbon, Sp. Atty., of New York City, of counsel), for the United States.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Collector of Customs at the port of Charleston, South Carolina, classified for duty purposes a certain imported steamship propeller shaft and propeller as manufactures of metal, not specially provided for, and assessed the same with duty at the rate of 45 per centum ad valorem under paragraph 397, Tariff Act of 1930, 19 U.S. C.A. § 1001, par. 397.

Appellant protested that the merchandise in question was entitled to free entry under the doctrine laid down in certain cases including The Conqueror, 166 U.S. 110, 17 S.Ct. 510, 41 L.Ed. 937, and also claimed that if the merchandise was dutiable it was dutiable at 27½ per centum ad valorem under paragraph 372 of said act as parts of machines, not specially provided for. The latter protest claim was abandoned in this court.

There is no dispute about the facts. Thomas William Waugh, general claims agent for the appellant, testified that the propeller and shaft in question were made especially for the Canadian steamship T.S.S. "North Star" at the time said vessel was constructed in Birkenhead, England, and that the cost thereof was included in the original price of said vessel. The articles were carried on board the vessel from England to Canada and were intended to be carried and used on that vessel alone. The witness stated that owing to the fact that the deadweight of the vessel fell considerably under the estimated deadweight, and in order to carry more passengers, fuel, water, etc., it was decided to take off the spare propeller shaft and propeller and leave the same in the yard at Halifax until needed. Mr. Waugh further testified that the propeller and shaft, by reason of their special construction, could be used on no other vessel than the T.S.S. "North Star." During February of 1938 the "North Star" was disabled off the southeastern coast of the United States and put into the Charleston navy yard for repairs. Said spare parts were sent from Halifax to Charleston for installation in the "North Star."

The appellant argues that vessels, under certain decisions of the courts, are exceptions to the rule that all articles brought into the United States which are not specially exempted from duty by the tariff act are to be found dutiable thereunder, and that the instant articles were parts of the vessel and as such were free of duty, and that the mere separation or taking off of such parts as are above referred to did not cause such parts to lose their free of duty status.

The Government contends that the Conqueror case, supra, and the other cases

referred to by the importer and the court below are easily distinguishable from the case at bar. For instance, in the Conqueror case, the ship itself was assessed with duty, and the language used by the Supreme Court in referring to parts of the ship and equipment for it being free of duty was not necessarily directed to parts or equipment which had been separated from the ship. It argues that the "North Star" was complete when it came into the port and that the imported goods were no part of the ship but should take the status of imported repair merchandise which, it contends, falls within the class of somewhat similar merchandise held to be dutiable by court decisions to which reference will later be made.

The trial court pointed out that the decisions on the subject were more or less conflicting and that none of them involved the precise state of facts presented here. In overruling the protest, it relied chiefly on its own decision in Page & Jones v. United States, T.D. 49132, and the decision by this court affirming it when the case was appealed here—Page & Jones v. United States, 26 C.C.P.A., Customs, 124.

We are clearly of the opinion that the decision of the instant issue is not controlled by the decisions relied upon by the Government or the trial tribunal. While the instant facts differ from those involved in the Conqueror case, supra, we see no difference in principle.

In the Conqueror case, supra [166 U.S. 110, 17 S.Ct. 512], after holding the vessel to be free of duty, the court made the following statement:

"Vessels certainly have not been treated as dutiable articles, but rather as the vehicles of such articles, and, though foreign built and foreign owned, are never charged with duties when entering our ports, though every article upon them that is not a part of the vessel, or of its equipment or provisions, is subject to duty, unless expressly exempted by law. * * *"

It would seem to logically follow that if the vessel itself does not constitute dutiable merchandise, any part of the vessel, such as that at bar, should also be regarded as nondutiable merchandise.

It is our view that the propeller and shaft in controversy, which could only be used upon this particular vessel, which were made especially for the vessel when it was constructed, and which were carried thereupon until necessity required their removal, are parts of the vessel. Indubitably, no one would have questioned the status of the merchandise if it had accompanied the vessel into the port of Charleston, South Carolina, and we think the circumstances under which it was removed from the vessel and subsequently placed thereon is not sufficient reason for holding it to be merchandise such as was held to be dutiable in the cases relied upon by the Government, to wit: Moral & Co. v. United States, T. D. 29260, 16 Treas. Dec. 167; United States v. Sickel, 6 Ct. Cust.App. 146; Texas Transport & Terminal Co. v. United States, T. D. 45897, 62 Treas.Dec. 223; and Page & Jones v. United States, supra.

Where the above cases, relied upon by the Government, seem to be chiefly distinguishable is the fact that a line has been drawn between merchandise for the repair of a ship, which merchandise was not made for the ship or as a part of the same, and articles which are parts of the vessel. Unquestionably, repair merchandise that would be as suitable for one ship as for another could in no sense be regarded as a part of a particular vessel, and especially does this seem true under certain decisions, if it did not accompany the vessel.

In the Page & Jones case, supra, this court affirmed the United States Customs Court in holding steam turbines and parts thereof dutiable upon facts briefly as follows: The British vessel "San Fernando", bound for Mexico without load, was disabled on the high seas and towed to Mobile. The turbine engine and parts had to be shipped to England to be repaired. Entry was made as dutiable merchandise for the purpose of transportation. Upon its return from England, a consumption entry was filed and duty was paid. This court held that the goods when sent abroad had passed from customs custody, had been improved, and were properly assessed with duty. The repaired, completed engine, shipped from England, never was a part of the vessel until it became such in Mobile.

In the instant case, the completed propeller and shaft, made at the time the ship was constructed, intended to be a part of it and no other, and carried from England on the "North Star," certainly comprise a different class of merchandise than an engine, which, in its completely repaired form, had never constituted any part of the vessel. The Page & Jones case was a

border-line case. The trial court and this court very reluctantly held the merchandise to be dutiable, and more particularly it was regrettable that the steps taken by the importer and the presentation of the issues to the courts made it impossible to even grant relief under the dutiable provision for the value upon the repairs only.

We think our conclusion herein is supported in principle by the following cases, although, as before stated, the facts in each of the cited cases differ from those involved in the instant case: United States v. Chain Cable, 25 Fed.Cas. p. 391, No. 14776; Livingstone v. United States, T.D. 13779; and Thornley & Pitt et al. v. United States, 18 C.C.P.A., Customs 265. See also 22 Op. Atty. Gen. 360.

For the reasons hereinbefore set out, the judgment of the United States Customs Court is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.